### STATE OF MISSISSIPPI *v.* RUFUS E. L. SULLIVAN.

CRIMINAL LAW. *Selling mortgaged property. Code* 1892, § 1184.

An indictment which shows that the mortgage debt was not due when the alleged sale took place is not maintainable under code 1892, §1184, making it a misdemeanor to sell or dispose of property subject to a mortgage or deed of trust, without the consent of the mortgagee or beneficiary, unless the lien be immediately discharged.

FROM the circuit court of Winston county.

HON. GUION Q. HALL, Judge.

Sullivan, the appellee, was indicted, under code 1892, § 1184, for that he did "sell and dispose of" certain property upon which he had executed a mortgage. The indictment showed that the mortgage debt matured on the 15th of December, 1899, and the selling was averred to have been committed December 2, 1899. Defendant demurred to the indictment; the court below sustained the demurrer, and the state appealed to the supreme court.

*Monroe McClurg,* Attorney-General, for appellant.

The court should not have sustained the demurrer to the indictment, because the indictment is properly drawn and charged an offense, the commission of which is prohibited by § 1184, code 1892. Every separate offense in this statute is mentioned

in clauses connected only by the disjunctive conjunction "or," properly set off by commas, indicating each act which may be a violation of the statute.   If the English language under proper construction, taking into consideration the rules of grammar, rhetoric, and composition, means anything, this indictment certainly charges a violation of § 1184, code 1892.

*George Richardson,* for appellee.

The gist of the indictment is, that the defendant executed a mortgage on the 17th day of November, 1899, to secure the beneficiaries on personal property.   The mortgage was due and payable December 15, 1899, that before the maturity of the mortgage the defendant, within the county, sold the property set forth in the indictment without the consent of the beneficiaries, and without discharging the mortgage.   The indictment charges no offense under the statute.   The indictment is evidently framed under § 1184, code 1892.   The defendant held rights in the property.   The condition of his mortgage had not been broken, and the debt had not become due.

Defendant could sell his equity of redemption, and upon this there was no lien.   Therefore, as rightfully held by the lower court, the indictment could not be sustained under § 1184, code 1892, and the court below rightfully sustained the demurrer.

TERRAL, J., delivered the opinion of the court.

The lien upon property of a deed of trust is discharged by the payment of the debt secured thereby.   The debt is the principal thing; the lien is but an incident to it; and the grantor is not bound to pay the debt, and thereby discharge the lien, until the debt is due.   Now, here, Sullivan is indicted for not paying the debt (discharging the lien) before it comes due, and in that respect we think the indictment faulty.

*Affirmed.*